NO. 07-10-0259-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MAY 16, 2011

______________________________

 

 

RICHARD DEWAYNE SNELSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 16,447-B; HONORABLE JOHN B. BOARD, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            This is an appeal from an order partially
granting and partially denying Appellant's motion requesting the trial court to
rescind a withdrawal notification issued pursuant to section 501.014(e)(4) and
(5) of the Texas Government Code, pertaining to the withdrawal of funds from an
inmate account for the purpose of payment of fines, court fees and costs.  We affirm. 





 

Procedural Background

            Appellant was convicted on March 9,
2005, of possession of a controlled substance with intent to deliver in a
drug-free zone,[1] twice
enhanced, and sentenced to sixty years confinement.  Almost five years later, on February 25,
2010, without a hearing, the trial court signed and entered a document entitled
Order to Withdraw Inmate Funds (Pursuant
to TX. Gov't. Code, Sec. 501.014(e)).[2]  By this
withdrawal notification, the trial court directed the Texas Department of
Criminal Justice Institutional Division to withhold $2,228.50 for court costs,
fines and fees from Appellant's inmate account. 
On March 9, 2010, a Bill of Costs
was prepared reflecting Appellant owed $2,228.50, of which $1,950 was for
court-appointed attorney's fees.  While
the 2005 judgment provides that "the State of Texas do have and recover of
the said defendant all costs in this proceeding incurred, for which let
execution issue," the summary portion of the judgment leaves the amount of
costs blank and the issue of attorney's fees is unaddressed.

            On March 18, 2010, Appellant
filed a pro se notice of appeal and a
request for recession of the withdrawal notification.  On April 12, 2010, Appellant filed his second
motion requesting recession of the withdrawal notification.  On August 30, 2010, Appellant filed with this Court a pro se brief raising the following
issues:  (1) the withdrawal order is a
violation of due process; (2) the withdrawal order is void because the trial
court's subject matter jurisdiction lapsed; and (3) if the trial court's order
is valid pursuant to section 501.014(e) of the Texas Government Code, then that
statute is unconstitutional.  In its reply
brief, the State raised the issue of whether a final, appealable order existed
for review by this Court.  Agreeing that no final, appealable order had been
entered, on November 10, 2010,
this Court found Appellant's notice of appeal to be premature.  See Snelson v. State, 326 S.W.3d 754,
756 (Tex.App.--Amarillo 2010, no pet.).  Accordingly,
the appeal was abated for ninety days to allow Appellant the opportunity to
challenge in the trial court the withdrawals from his inmate account and obtain
an appealable order.  Id. at 756-57.  Thereafter, on January 21, 2011, Appellant
filed his third request for recession of the withdrawal notification along with
a request for setting.        

            By letter dated February 25, 2011, Appellant
was notified that no order had been received by this Court during the abatement
period and he was directed to show cause, no later than March 28, 2011, why the
appeal should not be dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  On March 16, 2011, Appellant
filed a response which included a copy of a letter to the trial court again
requesting a ruling on his challenge to the withdrawal notification.  On April 14, 2011, a supplemental clerk's
record was filed in this Court containing the trial court's Amended Order to Withdraw Funds signed
March 21, 2011.  

            We find that a final,
appealable order was created by the trial court's ruling on Appellant's motion,
as evidenced by the March 21, 2011 amended order.  See
Williams v. State, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied)
(citing Ramirez v. State, 318 S.W.3d
906, 908 (Tex.App.--Waco 2010, no pet.)); Jewell
v. State, No. 06-10-00114-CV, 2011 Tex. App. LEXIS 3256, at *1
(Tex.App.--Texarkana April 28, 2011, no pet. h.).

Standard of Review

We review a trial court's decision
whether to grant or deny a challenge to a withdrawal notification under an
abuse of discretion standard.  Williams, 332 S.W.3d
at 698.  A trial court abuses its discretion
when it acts "without reference to any guiding rules and
principles."  Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31
(Tex. 2010) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  Furthermore, a trial court abuses its
discretion if "it reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of
law."  Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985).

Analysis

            In
Harrell v. State, 286 S.W.3d 315
(Tex. 2009), the Texas Supreme Court held that a withdrawal notification
directing prison officials to withdraw money from an inmate account pursuant to
section 501.014(e) does not violate due process and is, therefore,
constitutional when the inmate has "received some measure of due
process."  Id. at 320.  In determining whether Harrell was accorded
constitutional due process, the Court concluded that because Harrell had received
notice of the withdrawal (a copy of the withdrawal notification) and an
opportunity to contest the dollar amount and statutory basis of the withdrawal
(a motion to rescind or modify the withdrawal notification),[3] he
received all that due process required.  Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the issuance of a withdrawal
notification.  Id.  This Court has
interpreted Harrell as saying that
due process requires that an inmate have an opportunity to contest the dollar
amount and statutory basis of the withdrawal by way of a motion to modify,
correct or rescind the withdrawal notification. 
See Snelson,
326 S.W.3d at 756; Bryant v. State,
No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct.
5, 2010, no pet.); Williams v. State, 322 S.W.3d 301 (Tex.App.--Amarillo
2010, no pet.).  By initiating that
process, Appellant invoked the jurisdiction of the trial court to resolve that
dispute.

            The
trial court's amended order contained in the supplemental clerk's record correctly
deletes $1,950 previously assessed for court-appointed attorney's fees from the
amount authorized to be withdrawn from Appellant's inmate account.  See
Mayer v. State, 309 S.W.3d 552, 555 (Tex.Crim.App. 2010) (without record evidence
demonstrating a defendant's ability to offset the costs of legal services, a
trial court errs if it orders reimbursement of court-appointed attorney's fees).  Also contained in the supplemental clerk's
record is an Amended Bill of Costs.  While the amended order deletes the amount of
attorney's fees, it nevertheless authorizes withdrawals from Appellant's inmate
account in the amount of $242.04 for legislatively mandated fees and costs
included in the Amended Bill of Costs.

Legislatively mandated fees and
costs[4]
may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in
the oral pronouncement of sentence or in the written judgment in order to be
imposed upon a convicted defendant.  See Armstrong
v. State, 320 S.W.3d 479,
482-83 (Tex.App.--Amarillo 2010, pet. granted) (Pirtle, J., concurring) (citing
Weir v. State, 278 S.W.3d 364,
367 (Tex.Crim.App. 2009)).  Such fees are
properly collectable by means of a withdrawal notification regardless of a
defendant's ability to pay.  See Williams, 332
S.W.3d at 700.  

Because (1) the withdrawal order does not violate due process,
(2) the trial court had subject matter jurisdiction to resolve Appellant's
motion, and (3) section 501.014(e) of the Texas Government Code is not unconstitutional,
Appellant's issues are overruled.

Conclusion

The trial court's amended order entered in response to
Appellant's motion to rescind the withdrawal notification is affirmed.

                                                                                    Patrick
A. Pirtle

                                                                                          Justice











[1]Tex.
Health and Safety Code Ann. § 481.134 (West 2010).  

 





[2]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010), describes the process as a "notification by
a court" directing prison officials to withdraw sums from an inmate's
account, in accordance with a schedule of priorities set by the statute, for
the payment of "any amount the inmate is ordered to pay by order of the court."  See
id. at §
501.014(e)(1)-(6).  See also Harrell v. State, 286 S.W.3d 315, 316 n.1 (Tex.
2009).  Therefore, rather than refer to
that document as an order, we prefer to use the statutory term "withdrawal
notification" to avoid confusion with the underlying court order entered
after notice and hearing.

 





[3]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2009).

 





[4]See, e.g., Tex. Alco.
Bev. Code Ann. §
106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010);
Tex. Bus. Orgs. Code Ann. § 10.365 (West Supp.
2010); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12,
42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 -
2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West 2006 & Supp.
2010); Tex. Educ. Code Ann. §37.011
(West Supp. 2010); Tex. Fam. Code Ann. §§
8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462,
54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503,
160.762, 232.013 (West 2006, 2008 & Supp. 2010); Tex. Gov't Code Ann. §§ 25.0593, 25.0594,
25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,  51.702 - 51,703, 54.313, 54.403,54.745,
54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033,
411.081 (West 2005 & Supp. 2010); Tex. Health & Safety Code Ann. §§ 161.255, 469.004,
821.023 (West  2010); Tex. Hum. Res. Code Ann. §
152.0522 (West 2001); Tex. Local Gov't Code Ann. §§
118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp.
2010); Tex. Parks and Wild. Code Ann. §§
12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007
& Supp. 2010) (not intended as an exhaustive list).  

 








cSymbols";
mso-ascii-font-family:Arial;mso-hansi-font-family:Arial;mso-char-type:symbol;
mso-symbol-font-family:"WP TypographicSymbols"'>=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than April 20, 2011.    

 

Per Curiam

Do not publish.