NO. 07-10-0259-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 10, 2010

_____

RICHARD DEWAYNE SNELSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,447-B; HONORABLE JOHN B. BOARD , JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

On March 9, 2005, Appellant was convicted of possession of a controlled substance with intent to deliver in a drug-free zone, enhanced, and sentenced to sixty years confinement.  Although the judgment of conviction recited "that the State of Texas do have and recover of the said defendant all costs in this proceeding incurred," the

summary portion of the judgment left blank the amount of those costs. That judgment became final and mandate issued on October 5, 2007.

More than two years later, using the same cause number, the trial court signed and entered an *Order to Withdraw Inmate Funds (Pursuant to TX. GOV'T. CODE, Sec. 501.014(c))*. Appellant attempts to appeal this "order."[1] Appellant's notice of appeal also asked the trial court to rescind or modify the withdrawal notification. On April 12, 2010, Appellant filed a *Second Motion To The Court Requesting It To Rescind Its Order Based Upon No Subject Matter Jurisdiction*. Finding that the withdrawal notification is not an appealable order, we abate this appeal pending the trial court's disposition of Appellant's request for rescission or modification.

## Background

By the withdrawal notification at issue, the trial court directed the Texas Department of Criminal Justice Institutional Division to withhold from Appellant's

---

[1]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (Vernon Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See id.* at § 501.014(e)(1)-(6). *See also Harrell v. State,* 286 S.W.3d 315, 316, n.1 (Tex. 2009). This document is more akin to a judgment nisi. A judgment nisi, commonly used in bond forfeiture proceedings, is a provisional judgment entered when an accused fails to appear for trial. A judgment nisi triggers the issuance of a *capias* and it serves as notice of the institution of a bond forfeiture proceeding. It is not final or absolute, but may become final. *See Safety Nat'l Cas. Corp. v. State,* 273 S.W.3d 157, 163 (Tex.Crim.App. 2008). Nisi means "unless," so a judgment nisi is valid unless a party takes action causing it to be withdrawn. *Id.* Similarly, a withdrawal notification issued pursuant to § 501.014(e), triggers the withdrawal from an inmate account, serves as notice of the collection proceeding, and continues to operate unless the inmate takes action causing the notification to be withdrawn. Therefore, rather than refer to that document as an order, we prefer to use the term "withdrawal notification" to avoid confusion with an underlying court order or judgment actually ordering the payment of a sum certain, falling within at least one of the six priority categories listed in the statute.

account[2] the sum of $2,228.50, consisting of $1,950 for attorney's fees[3] and other miscellaneous court costs. A *Bill of Costs*, generated the same date that the withdrawal notification was entered, was attached.

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to § 501.014(e) is a civil matter[4] akin to a garnishment action or an action to obtain a turnover order. *Harrell*, 286 S.W.3d at 317-19. Discussing the due process accorded to the appellant, the Court balanced the three factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due process." *Harrell*, 286 S.W.3d at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification), he received all that due process required. *Id.* at 321. The Court added

---

[2]Several courts, including this Court, have frequently referred to these inmate accounts as "trust" accounts. The term "trust" has been removed from their statutory references. Act of May 11, 1989, 71st Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, *amended by*, Act of May 17, 1999, 76th Leg., R.S., ch. 326, §1 1999 Tex. Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (Vernon Supp. 2010)). Accordingly, they are simply inmate accounts.

[3]Attorney's fees for court-appointed counsel are not properly includable as a cost of court without a judicial determination that the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon 2010); *Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App. 2010).

[4]*See Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that orders directing withdrawal of funds from inmate trust accounts are not a criminal matter).

that neither notice nor an opportunity to be heard need occur before the funds are withdrawn. *Id.*

By his pro se brief, Appellant asserts the withdrawal notification violates his due process rights, attacks the notification as void due to lack of subject matter jurisdiction, and contends that if the notification is valid, then section 501.014(e) of the Texas Government Code is unconstitutional. By its brief, the State questions the finality of the withdrawal notification asserting that no final, appealable order has been entered.

We agree with the State that no final, appealable order has been entered by the trial court. Because the trial court has yet to rule on Appellant's motion to rescind or modify the withdrawal notification, we are unable to determine if Appellant has been given all that due process requires and, accordingly, we find Appellant's notice of appeal to be premature. *See* Tex. R. App. P. 27.1(a) and 27.2.

Accordingly, this Court abates this appeal for 90 days from the date of this order to allow Appellant time to take such action as is necessary to (1) present his motion to the trial court; (2) schedule any necessary hearing; and (3) obtain from the trial court a final, appealable order addressing that motion. *See Iacono v. Lyons,* 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).

If the trial court enters an appealable order addressing Appellant's motion to rescind or modify the withdrawal notification, all appellate briefing deadlines shall proceed in accordance with Rule 38.6 of the Texas Rules of Appellate Procedure. If the trial court does not enter an appealable order within the time frame allowed, this appeal will be subject to dismissal or further abatement. *See Ramirez v. State*, 318 S.W.3d

4

906 (Tex.App.--Waco 2010, no pet.) (dismissing appeal from a withdrawal notification after finding there was no final, appealable order).

It is so ordered.

Per Curiam