NO. 07-10-0499-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 JANUARY 31, 2011

 ______________________________

 JIMMY MURRELL OWEN, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 47[TH] DISTRICT COURT OF RANDALL COUNTY;

 NO. 11,767-A; HONORABLE DAN SCHAAP, JUDGE

 _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 ORDER OF ABATEMENT 
On November 22, 2010, pursuant to section 501.014(e) of the Texas Government Code, the trial court entered an Order to Withdraw Inmate Funds from Appellant's inmate account. By the withdrawal notification entered, the trial court directed the Texas Department of Criminal Justice Institutional Division to withhold $196.50. Appellant filed a pro se notice of appeal on December 6, 2010, and an amended notice of appeal on December 13, 2010, challenging the withdrawal notification. While the 1998 judgment of conviction entered provides that "the State of Texas do have and recover of the said [Appellant] all costs in this prosecution incurred," the summary portion of the judgment leaves the dollar amount of costs blank. 
 In Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) is a civil matter akin to a garnishment action or an action to obtain a turnover order. Harrell, 286 S.W.3d at 317-19. Where a judgment does not specify an amount of costs, this Court has interpreted Harrell as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal notification by way of a motion to modify, correct, or rescind the withdrawal notification. Snelson v. State, 326 S.W.3d 754 (Tex.App.--Amarillo, 2010, no pet.).
 Here, Appellant filed a pre-withdrawal notification challenge (Objection to Randall County Judicial Enforcement Department's Order to Withdraw Funds) on November 8, 2010, as well as a post-withdrawal notification challenge (Opposition to Order to Withdraw Funds) on December 6, 2010. Because the trial court has yet to rule on either challenge, we find Appellant's notice of appeal to be premature. See Williams v. State, 322 S.W.3d 301, 304 (Tex.App.--Amarillo 2010, no pet.). As such, the procedural posture of this case leaves this Court with no alternative but to abate the appeal and remand the cause for the purpose of obtaining a ruling. Id.
 Accordingly, this Court sua sponte abates this appeal for 60 days from the date of this order to allow Appellant time to take such action as is necessary to (1) present his challenges to the trial court, (2) schedule any necessary hearing, and (3) obtain from the trial court a final appealable order addressing each challenge. See Tex. R. App. P. 27.2. See also Iacono v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.). 
 Although briefs have already been filed by both parties, this Court will allow Appellant, should he desire to do so, thirty days from the date an appealable order is signed, to supplement his brief. If Appellant supplements his brief, the State will have an opportunity to respond within thirty days of Appellant's supplementation should it desire to do so.
 It is so ordered.
Per Curiam