NO. 07-10-0499-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 31, 2011

_____

JIMMY MURRELL OWEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 11,767-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT**

On November 22, 2010, pursuant to section 501.014(e) of the Texas

Government Code, the trial court entered an *Order to Withdraw Inmate Funds* from

Appellant's inmate account.[1]  By the withdrawal notification entered, the trial court

---

[1]Formerly referred to as inmate trust accounts, the term "trust" has been removed from statutory references.  *See* Act of May 11, 1989, 71st Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 326, §1, 1999 Tex. Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp. 2010)).  Accordingly, they are simply inmate accounts.

directed the Texas Department of Criminal Justice Institutional Division to withhold $196.50.[2]  Appellant filed a pro se notice of appeal on December 6, 2010, and an amended notice of appeal on December 13, 2010, challenging the withdrawal notification.  While the 1998 judgment of conviction entered provides that "the State of Texas do have and recover of the said [Appellant] all costs in this prosecution incurred," the summary portion of the judgment leaves the dollar amount of costs blank.

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) is a civil matter[3] akin to a garnishment action or an action to obtain a turnover order.  *Harrell*, 286 S.W.3d at 317-19.  Where a judgment does not specify an amount of costs, this Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal notification by way of a motion to modify, correct, or rescind the withdrawal notification.  *Snelson v. State*, 326 S.W.3d 754 (Tex.App.--Amarillo, 2010, no pet.).

Here, Appellant filed a pre-withdrawal notification challenge (Objection to Randall County Judicial Enforcement Department's Order to Withdraw Funds) on November 8, 2010, as well as a post-withdrawal notification challenge (Opposition to Order to Withdraw Funds) on December 6, 2010.  Because the trial court has yet to rule on either

---

[2]We note that the associated *Bill of Costs*, dated October 12, 2010, reflects nine different "costs" totaling $196.50.  None of the costs assessed was for court-appointed attorney's fees.

[3]*See Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that orders directing withdrawal of funds from inmate trust accounts is not a criminal matter).

challenge, we find Appellant's notice of appeal to be premature.  *See Williams v. State*, 322 S.W.3d 301, 304 (Tex.App.--Amarillo 2010, no pet.).  As such, the procedural posture of this case leaves this Court with no alternative but to abate[4] the appeal and remand the cause for the purpose of obtaining a ruling.  *Id.*

Accordingly, this Court *sua sponte* abates this appeal for 60 days from the date of this order to allow Appellant time to take such action as is necessary to (1) present his challenges to the trial court, (2) schedule any necessary hearing, and (3) obtain from the trial court a final appealable order addressing each challenge.  *See* Tex. R. App. P. 27.2.  *See also Iacono v. Lyons,* 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).

Although briefs have already been filed by both parties, this Court will allow Appellant, should he desire to do so, thirty days from the date an appealable order is signed, to supplement his brief.  If Appellant supplements his brief, the State will have an opportunity to respond within thirty days of Appellant's supplementation should it desire to do so.

It is so ordered.

Per Curiam

---

[4]While this Court empathizes with the trial court's tedious task of an abatement proceeding, when a trial court is faced with a pending motion, it is a ministerial act to issue a ruling. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding).  Although a particular ruling on the pending motion is discretionary, "the duty to rule is ministerial . . . ." *In re Washington*, 2007 Tex.App. LEXIS 6449, at *2 (Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding).