NO. 07-10-0499-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

JANUARY 31, 2011

 

______________________________

 

 

JIMMY MURRELL OWEN, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 11,767-A; HONORABLE DAN SCHAAP, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ORDER OF ABATEMENT 

On November 22, 2010, pursuant to section 501.014(e) of the
Texas Government Code, the trial court entered an Order to Withdraw Inmate Funds from Appellant's inmate account.[1]  By the withdrawal notification entered, the
trial court directed the Texas Department of Criminal Justice Institutional
Division to withhold $196.50.[2]  Appellant filed a pro se notice of appeal on December
6, 2010, and an amended notice of appeal on December 13, 2010, challenging the
withdrawal notification.  While the 1998 judgment of conviction entered
provides that "the State of Texas do have and recover of the said
[Appellant] all costs in this prosecution incurred," the summary portion
of the judgment leaves the dollar amount of costs blank.  

            In
Harrell v. State, 286 S.W.3d 315
(Tex. 2008), the Texas Supreme Court held that a withdrawal notification
directing prison officials to withdraw money from an inmate account pursuant to
section 501.014(e) is a civil matter[3] akin to
a garnishment action or an action to obtain a turnover order.  Harrell, 286 S.W.3d at 317-19.  Where a judgment does not specify an amount
of costs, this Court has interpreted Harrell
as saying that due process requires that an inmate have an opportunity to
contest the dollar amount and statutory basis of the withdrawal notification by
way of a motion to modify, correct, or rescind the withdrawal
notification.  Snelson v. State, 326 S.W.3d 754
(Tex.App.--Amarillo, 2010, no pet.).

            Here, Appellant filed a
pre-withdrawal notification challenge (Objection to Randall County Judicial
Enforcement Department's Order to Withdraw Funds) on November 8, 2010, as well
as a post-withdrawal notification challenge (Opposition to Order to Withdraw
Funds) on December 6, 2010.  Because the
trial court has yet to rule on either challenge, we find Appellant's notice of
appeal to be premature.  See
Williams v. State, 322 S.W.3d 301, 304 (Tex.App.--Amarillo
2010, no pet.).  As such, the procedural
posture of this case leaves this Court with no alternative but to abate[4]
the appeal and remand the cause for the purpose of obtaining a ruling.  Id.

            Accordingly,
this Court sua sponte abates this
appeal for 60 days from the date of this order to allow Appellant time to take
such action as is necessary to (1) present his challenges to the trial court, (2)
schedule any necessary hearing, and (3) obtain from the trial court a final
appealable order addressing each challenge. 
See Tex. R. App. P. 27.2.  See
also Iacono v. Lyons, 6 S.W.3d 715
(Tex.App.--Houston [1st Dist.] 1999, no pet.). 


            Although
briefs have already been filed by both parties, this Court will allow
Appellant, should he desire to do so, thirty days from the date an appealable
order is signed, to supplement his brief. 
If Appellant supplements his brief, the State will have an opportunity
to respond within thirty days of Appellant's supplementation should it desire
to do so.

            It
is so ordered.

Per
Curiam

 











[1]Formerly
referred to as inmate trust accounts, the term "trust" has been
removed from statutory references.  See Act of May 11, 1989, 71st
Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918,
958, amended by Act of May 17, 1999,
76th Leg., R.S., ch. 326, §1, 1999 Tex.
Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp.
2010)).  Accordingly, they are simply inmate
accounts.

 





[2]We note
that the associated Bill of Costs,
dated October 12, 2010, reflects nine different "costs" totaling
$196.50.  None of the costs assessed was
for court-appointed attorney's fees.

 





[3]See Johnson v. Tenth Judicial
District Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008)
(holding that orders directing withdrawal of funds from inmate trust accounts
is not a criminal matter).

 





[4]While this Court empathizes with the trial
court's tedious task of an abatement proceeding, when a trial court is faced
with a pending motion, it is a ministerial act to issue a ruling.  Eli
Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (orig.
proceeding).  Although a particular
ruling on the pending motion is discretionary, "the duty to rule is
ministerial . . . ."  In re Washington, 2007
Tex.App. LEXIS 6449, at *2 (Tex.App.--Beaumont Aug. 16, 2007, orig.
proceeding).