In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00114-CV

                                                ______________________________

 

 

                               RANDALL WAYNE JEWELL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 04F0279-102

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            When funds
are removed from an inmate’s trust account to pay toward previously adjudged
inmate obligations, the statutory procedure is that a trial court issues an
initial “notification” that funds be removed from the account.  Tex.
Gov’t Code Ann. § 501.014(e) (Vernon Supp. 2010).  The inmate wishing to contest that removal
has a right to seek a hearing on the validity of that removal.  Harrell
v. State, 286 S.W.3d 315, 321 (Tex. 2009). 
The trial court’s ruling on the inmate’s contest is what can be
appealed.  Snelson v. State, 326 S.W.3d 754, 755 n.1 (Tex. App.—Amarillo 2010,
no pet.); Ramirez v. State, 318
S.W.3d 906 (Tex. App.—Waco 2010, no pet.).

            Here, Randall
Wayne Jewell actually took the step of asking the trial court to rescind its
notification[1]
that $563.00 be withdrawn from Jewell’s inmate trust account to pay court costs
and attorney’s fees previously assessed against him in his criminal judgment
for evading arrest.[2]  With that rescission motion still pending and
not yet ruled on, Jewell now seeks to appeal the trial court’s original
withdrawal notification.

            

The initial question is whether an appealable order exists
which would vest this Court with the jurisdiction to hear an appeal.  See
Tex. R. App. P. 26.2(a).  Because there is no appealable order, we
dismiss this attempted appeal for want of jurisdiction.

            The
notification is not itself an appealable order, it is only a notification that
the legislatively required withdrawal is to occur.[3]  The appealable order is the trial court’s
ruling on a motion to rescind.[4]

            Because no
final, appealable order had been entered by the trial court relative to Jewell’s
trust account, and Jewell’s rescission request was still pending with the trial
court, we abated this matter to the trial court for ninety days for resolution
of the rescission request.  In that order
of abatement, dated January 13, 2011, we specified that we were doing so to
allow Jewell the opportunity to take such action as necessary to (1) present
his motion to the trial court, (2) schedule any necessary hearing, and (3)
obtain from the trial court a final, appealable order addressing that
motion.  See Iacono v. Lyons, 6 S.W.3d 715 (Tex. App.—Houston [1st Dist.]
1999, order).  We also warned Jewell that,
in the absence of such actions, within ninety days after January 13, 2011, if
there continued to be no appealable order in existence, we would be required to
dismiss for want of jurisdiction.

            The
abatement period has expired and it appears that no appealable order has been
entered.  We have not been informed of
any other relevant act that would justify further delaying our ruling on this
attempted appeal.  As no appealable order
has been entered within the permitted time frame, this appeal is subject to
dismissal.  See Ramirez, 318 S.W.3d 906 (dismissing appeal from withdrawal
notification after finding no final, appealable order). 

            We dismiss
the appeal for want of jurisdiction.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
28, 2011 

Date Decided:             April
29, 2011

 











[1]Although
the notification is titled “Order to Withdraw Funds,” it is not properly an
order in the traditional sense of a court order or judgment issued after notice
and hearing in either a civil or criminal proceeding.  The controlling statute, Section 501.014(e) of
the Texas Government Code, describes the process as a “notification by a court”
directing prison officials to withdraw sums from an inmate’s account, in
accordance with a schedule of priorities set by the statute, for the payment of
“any amount the inmate is ordered to pay by order of the court.”  See Tex.
Gov’t Code Ann. § 501.014(e); see also Harrell, 286 S.W.3d at 316 n.1.  Jewell’s motion to rescind is in the form of
a pro se pleading titled “Motion to Object.” 


 





[2]In
2007, Jewell had been convicted of evading arrest, had entered into a plea
agreement, and was sentenced to serve twelve months’ confinement.  The trial court’s 2007 judgment assessed
court costs of $213.00 and attorney’s fees of $350.00.  





[3]The
Amarillo Court of Appeals has likened this notification to a judgment nisi, because such a judgment

 

is a provisional judgment
entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a capias
and it serves as notice of the institution of a bond forfeiture
proceeding.  It is not final or absolute,
but may become final.  See Safety Nat’l
Cas. Corp. v. State, 273
S.W.3d 157, 163 (Tex. Crim. App. 2008). 
Nisi means “unless,” so a judgment nisi is valid unless a party takes
action causing it to be withdrawn.  Id.  Similarly, a withdrawal notification, issued
pursuant to § 501.014(e), triggers the withdrawal from an inmate account,
serves as notice of the collection proceeding, and continues to operate unless
the inmate takes action causing the notification to be withdrawn.  Therefore, rather than refer to that document
as an order, we prefer to use the term “withdrawal notification” to avoid
confusion with an underlying court order or judgment actually ordering the
payment of a sum certain, falling within at least one of the six priority
categories listed in the statute.

 

Snelson,  326 S.W.3d at 755 n.1.

 





[4]In
Harrell, the Texas
Supreme Court held that a withdrawal notification directing prison officials to
withdraw money from an inmate trust account pursuant to Section 501.014(e) of
the Texas Government Code is a civil matter akin to a garnishment action or an
action to obtain a turnover order.  Harrell, 286 S.W.3d at 317–19.  That appeal was brought from the denial of a
motion to rescind.