NO. 07-12-0132-CV
NO. 07-12-0133-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2012
_____

WESLEY WREN MASSEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NOS. B17187-0704 & B17992-0904; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Wesley Wren Massey, was convicted of the state jail felony offenses of theft[1] and forgery[2] and assessed sentences of one year and two years respectively. Both sentences commenced on May 27, 2009, and the trial court ordered that the sentences be served concurrently. Almost three years later, on March 16, 2012, after

_____

[1]Trial Court Cause No. B17187-0704; Tex. Penal Code Ann. § 31.03 (West Supp. 2011).

[2]Trial Court Cause No. B17992-0904; Tex. Penal Code Ann. § 32.21 (West 2011).

Appellant had fully served both sentences, the trial court entered an *Order to Withdraw Funds* in each cause.[3] Both orders direct the Texas Department of Criminal Justice to withhold sums for "court costs, fees and/or fines and/or restitution" related to the respective underlying proceedings. While the judgment in Cause No. B17187-0704 orders Appellant to pay $1,000.00 in fines, $217.00 in court costs, $353.00 in restitution, and $800.00 in attorney's fees (totaling $2,370.00), the withdrawal order in that cause directs the withholding of $1,804.50 from his inmate account. And, while the judgment in Cause No. B17992-0904 orders Appellant to pay $750.00 in fines, $275.00 in court costs and $1,141.37 in restitution (totaling $2,166.37), the withdrawal order in that cause directs the withholding of $817.89. Furthermore, while neither order contains an attached *Bill of Costs* or other explanation as to what the respective withholding amounts were for or how the dollar amounts were derived, both orders were apparently entered *sua sponte* and without notice or hearing. Proceeding *pro se* and *in forma pauperis*, Appellant appeals both orders.

## Orders to Withdraw Inmate Funds and Due Process

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal order directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at 320. In determining whether Harrell was accorded constitutional due process, the Court balanced the three factors discussed in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96

---

[3]Although the statutory basis for the *Order to Withdraw Funds* was not recited in the order, we presume the trial court was attempting to order the withdrawal of funds from an inmate's account pursuant to Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2011).

S.Ct. 893, 47 L.Ed.2d 18 (1976).[4]   The Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal order) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal order subsequently filed by Harrell),[5] he received all that due process required.   *Id.* at 321.   The Court also added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal order.   *Id.*  This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct or rescind the withdrawal order.   *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.).

The limited documents before this Court do not demonstrate whether Appellant has had the opportunity to challenge the amounts assessed and the statutory basis for those amounts, which are the principal components supporting a withdrawal order.   At this stage of the proceeding, this Court is unable to evaluate whether Appellant has received all that due process requires.   Consequently, we *sua sponte* abate this appeal

---

[4]The three *Eldridge* factors are: (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail.

[5]The trial court denied Harrell's *Motion to Rescind*.   *See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

for 180 days and remand the cause to the trial court to give Appellant the opportunity to file a challenge to the withdrawal orders and develop a record for meaningful review.

Upon remand, Appellant is entitled to file a motion to modify, correct or rescind the withdrawal notifications, present the motion to the trial court and have it considered by the trial court by whatever means necessary. Additionally, should Appellant file a motion in the trial court challenging the withdrawal order, and should attorney's fees constitute all or any portion of the withholding amount, the trial court shall confirm whether there is a factual basis to support the trial court's finding in Cause No. B17187-0704 that Appellant is able to pay $800 in attorney's fees. *See Mayer v. State*, 309 S.W.3d 552 (Tex. 2010) (holding that an order to reimburse court-appointed attorney's fees must be supported by evidence of the defendant's ability to pay). *See also Perez v. State*, 323 S.W.3d 298, 307 (Tex.App.--Amarillo 2010, pet. ref'd).

Should Appellant challenge the withdrawal orders, any ruling resulting from that challenge shall be included in either the clerk's record or a supplemental clerk's record to be filed with the Clerk of this Court on or before November 30, 2012. Should the period of abatement expire without any action being taken by Appellant, these appeals will be reinstated and dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b).

It is so ordered.

Per Curiam