NO. 07-12-0131-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2012
_____


WESLEY WREN MASSEY, APPELLANT

V.

IRENE GONZALES MASSEY, APPELLEE[1]


_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B36869-0910; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**


Appellant, Wesley Wren Massey, an inmate proceeding *pro se* and *in forma pauperis*, appeals the trial court's entry of an *Order to Withdraw Funds,* entered on March 16, 2012. That order, which directs the Texas Department of Criminal Justice to withhold from his inmate account the sum of $231 for "court costs, fees and/or fines and/or restitution" related to an underlying proceeding styled *In the Matter of the*

---

[1]We recognize that Irene Gonzales Massey is not a party to this proceeding. The real party in interest in the contested order is Carla Cannon, in her capacity as Hale County District Clerk.

*Marriage of Wesley Wren Massey and Irene Gonzales Massey*, was apparently entered *sua sponte* and without notice or hearing.[2] The *Order to Withdraw Funds* does not contain an attached *Bill of Costs* or other explanation as to what the withholding amount was for or how the dollar amount was derived. While only a few documents have been filed to date in this appeal, one of those documents, an *Order of Dismissal,* does assess costs of court against Appellant. It does not, however, recite the amount of those costs.

## Orders to Withdraw Inmate Funds and Due Process

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal order directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at 320. In determining whether Harrell was accorded constitutional due process, the Court balanced the three factors discussed in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).[3] The Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal order) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal order subsequently filed by Harrell),[4] he received all that due

---

[2]Although the statutory basis for the *Order to Withdraw Funds* was not recited in the order, we presume the trial court was attempting to order the withdrawal of funds from an inmate's account pursuant to Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2011).

[3]The three *Eldridge* factors are: (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail.

[4]The trial court denied Harrell's *Motion to Rescind. See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

process required. *Id.* at 321. The Court also added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal order. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct or rescind the withdrawal order. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.).

The limited documents before this Court do not demonstrate whether Appellant has had the opportunity to challenge the amount assessed and the statutory basis for that amount, which are the principal components supporting a withdrawal order. At this stage of the proceeding, this Court is unable to evaluate whether Appellant has received all that due process requires. Consequently, we *sua sponte* abate this appeal for 180 days and remand the cause to the trial court to give Appellant an opportunity to file a challenge to the withdrawal order and develop a record for meaningful review.

Upon remand, Appellant is entitled to file a motion to modify, correct or rescind the withdrawal order, present the motion to the trial court and have it considered by the trial court by whatever means necessary.

Should Appellant challenge the withdrawal order, any ruling resulting from that challenge shall be included in either the clerk's record or a supplemental clerk's record to be filed with the Clerk of this Court on or before November 30, 2012. Should the period of abatement expire without any action being taken by Appellant, this appeal will be reinstated and dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b).

3

It is so ordered.

Per Curiam