NO. 07-10-0503-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 9, 2012
_____

SALVADOR ELISEO PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18,827-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2008, Appellant, Salvador Eliseo Pena, was convicted of engaging in organized criminal activity[1] and sentenced to fifteen years confinement. On November 22, 2010, the trial court entered an *Order to Withdraw Funds* pursuant to section 501.014(e) of the Texas Government Code directing the Institutional Division of the Texas Department of Criminal Justice to withhold $291.50 from his inmate account.

_____

[1]Tex. Penal Code Ann. §71.02 (West 2011).

Although the 2008 judgment of conviction provided that the "State of Texas do have and recover of said [Appellant] all court costs in this prosecution expended for which execution will issue," the summary portion of the judgment left the amount of costs blank. In response to the withdrawal of funds notification, Appellant filed a *Motion for New Trial* in which he disputed liability for the costs and fees assessed. He requested that the trial court delete the costs and fees from the withdrawal order. In a very detailed order, the trial court denied Appellant's motion. Appellant presents two issues raising due process and equal protection violations and alleging error because there was no oral pronouncement of the costs at the time he was originally sentenced. He also maintains that entry of the *Order to Withdraw Funds* subsequent to his original conviction sentenced him to a "second civil punishment after criminal punishment." Consistent with the State's concession of error discussed hereinbelow, we modify the *Order to Withdraw Funds* and affirm the trial court's *Order Denying Defendant's Motion for New Trial.*

Appellant challenges the costs and fees assessed which include:

- $5 for Commitment - District Court
- $133 for Consolidated State Criminal Costs - DC
- $5 for Courthouse Security - D
- $40 for District Clerk Fees
- $0.60 for Judiciary Support
- $3.40 for Judiciary Support - State
- $4 for Juror Reimbursement Fee[2]
- $0.50 for Juvenile Crime and Delinquency
- $22.50 for Records Management
- $2.50 for Records Management D Clerk Criminal

---

[2]Although Appellant argues the Juror Reimbursement Fee is unauthorized because he waived a jury trial, article 102.0045 of the Texas Code of Criminal Procedure provides that a person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost . . . a fee of $4. Tex. Code Crim. Proc. Ann. art. 102.0045 (West Supp. 2011).

- $25 for Time Payment
- $50 Arrest Fee RCSO - Felony - D

The fees total $291.50, which is the amount ordered to be withdrawn from Appellant's inmate account.

## Standard of Review

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *Williams*, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team*, *LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

### I. Analysis

#### A. Due Process

We first address Appellant's contention that he was denied due process. In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at

3

320.  In determining whether Harrell was accorded constitutional due process, the Court balanced the three factors discussed in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).[3]  The Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[4] he received all that due process required.  *Harrell*, 286 S.W.3d at 321.  The Court also noted that it is inconsequential that the notice came post-withdrawal and it added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification.  *Id.*  This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct or rescind the withdrawal notification.[5]  *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.).  By initiating that process, Appellant invoked the jurisdiction of the trial court to determine whether he received due process.

---

[3]The three *Eldridge* factors are: (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail.

[4]The trial court denied Harrell's *Motion to Rescind.  See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

[5]We interpret the substance of Appellant's *Motion for New Trial* as his challenge to the withdrawal notification*.*

Appellant received notice of the withdrawal via the *Order to Withdraw Funds*. Additionally, by the proceeding the subject of this appeal, Appellant was given the opportunity to contest the statutory basis and dollar amount of the costs and fees assessed. Therefore, according to *Harrell*, Appellant received adequate due process.

**B. Inability to Pay**

Appellant next contends he has no ability to pay the assessed costs and fees and that the *Order to Withdraw Funds* acknowledges that fact by providing:

> [t]he Court finds that the offender is unable to pay the court costs, fees and/or fines . . . on this date and that the funds should be withdrawn from the offender's Inmate Trust Account.

While "inability to pay" can be a defense to assessment of "the costs of legal services," i.e., court-appointed attorney's fees, Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011), *Mayer v. State*, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010), it is not a defense to legislatively mandated fees.[6] Accordingly, Appellant is responsible for those costs and fees, regardless of his ability to pay. *See Owen v. State*, 352 S.W. 542, 546 (Tex.App.--Amarillo 2011, no pet.).

---

[6]*See, e.g.,* Tex. Alco. Bev. Code Ann. § 106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2011); Tex. Bus. Orgs. Code Ann. § 10.365 (West Supp. 2011); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West 2006 & Supp. 2011); Tex. Educ. Code Ann. §37.011 (West Supp. 2011); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 & Supp. 2011); Tex. Gov't Code Ann. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,  51.702 - 51,703, 54.313, 54.403,54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081 (West 2005 & Supp. 2011); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (West  2010); Tex. Hum. Res. Code Ann. § 152.0522 (West 2001); Tex. Local Gov't Code Ann. §§ 118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp. 2011); Tex. Parks and Wild. Code Ann. §§ 12.110, 12.308 (West Supp. 2011); Tex. Transp. Code Ann. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007 & Supp. 2011) (not intended as an exhaustive list).

### C. No Oral Pronouncement

Appellant's final complaint is that there was no oral pronouncement of the costs and fees at the time he was originally sentenced. Legislatively mandated fees and costs may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant. *See Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex.Crim.App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009)). Therefore, such fees are properly collectable by means of a withdrawal notification regardless of whether the trial court orally pronounced the assessment of those costs and fees when Appellant was originally sentenced. *See Williams*, 332 S.W.3d at 700. Appellant's issues are overruled.

### D. Statutory Basis for Costs and Fees

Here, the costs and fees challenged by Appellant are all authorized by statute, save and except $0.50 assessed for a Juvenile Delinquency Fee which the State candidly concedes it can find no statutory basis for as applied to offenses committed after 2003. As such, the State does not oppose deleting that fee from the total costs and fees assessed against Appellant.

### Conclusion

Consistent with the State's concession, this Court directs that the last sentence of the first paragraph of the *Order to Withdraw Funds* be modified to reflect that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of $291.00."

6

This Court further directs that a corrected *Order to Withdraw Funds* be delivered to the Institutional Division of the Texas Department of Criminal Justice. Subject to that modification, the trial court's *Order Denying Defendant's Motion for New Trial* is affirmed.

Patrick A. Pirtle
Justice