NO. 07-12-0452-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 DECEMBER 20, 2012
 
 ______________________________
 
 
 PAUL THOMAS GERIK, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 
 _________________________________
 
 FROM THE 181[ST] DISTRICT COURT OF RANDALL COUNTY;
 
 NO. 22,925-B; HONORABLE JOHN BOARD, JUDGE
 
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 ABATEMENT AND REMAND
 On August 8, 2012, Appellant was convicted of burglary of a habitation, enhanced, and sentenced to 99 years confinement. On that same date, the Randall County Clerk certified a Bill of Costs in the amount of $299 for legislatively mandated fees and costs. On November 6, 2012, pursuant to section 501.014(e) of the Texas Government Code, the trial court signed an Order to Withdraw Funds from Appellant's inmate account for $299. Appellant filed a pro se notice of appeal challenging that withdrawal order.
 In Harrell v. State, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal order directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." Id. at 320. In determining whether Harrell was accorded constitutional due process, the Court balanced the three factors discussed in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal order) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification), he received all that due process required. Harrell, 286 S.W.3d at 321. The Court also added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal order. Id. This Court has interpreted Harrell as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of a withdrawal order by way of a motion to modify, correct or rescind the order. See Snelson v. State, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); Williams v. State, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and Bryant v. State, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.). 
 The record before this Court does not reflect that Appellant has ever challenged the statutory basis for or amount of the sums assessed, which are the principal components supporting the withdrawal order. At this stage of the proceeding, this appeal appears to be premature because this Court is unable to evaluate whether Appellant has received all that due process requires under the statutory withdrawal scheme. Consequently, we sua sponte abate this appeal for 180 days and remand the cause to the trial court to allow Appellant to develop a record for meaningful review. 
 Upon remand, Appellant is entitled to file a motion to modify, correct or rescind the withdrawal order, present the motion to the trial court and have it considered by the trial court by whatever means necessary. Should Appellant decide to challenge the withdrawal order, any ruling resulting from that challenge shall be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before July 1, 2013. Should the period of abatement expire without any action being taken by Appellant, this appeal will be reinstated and dismissed for want of prosecution. See Tex. R. App. P. 42.3(b).
 It is so ordered.
Per Curiam