NO. 07-12-0452-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 20, 2012

_____


PAUL THOMAS GERIK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 22,925-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**ABATEMENT AND REMAND**


On August 8, 2012, Appellant was convicted of burglary of a habitation, enhanced, and sentenced to 99 years confinement. On that same date, the Randall County Clerk certified a *Bill of Costs* in the amount of $299 for legislatively mandated fees and costs. On November 6, 2012, pursuant to section 501.014(e) of the Texas Government Code, the trial court signed an *Order to Withdraw Funds* from Appellant's

inmate account for $299. Appellant filed a *pro se* notice of appeal challenging that withdrawal order.[1]

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal order directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at 320. In determining whether Harrell was accorded constitutional due process, the Court balanced the three factors discussed in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).[2] The Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal order) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[3] he received all that due process required. *Harrell,* 286 S.W.3d at 321. The Court also added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal order. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of a withdrawal order by

[1]Appellant also has an appeal pending on the merits of his criminal conviction in cause number 07-12-0360-CR and is represented in that appeal by court-appointed counsel. This appeal is a separate civil proceeding in which Appellant represents himself.

[2]The three *Eldridge* factors are: (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail.

[3]The trial court denied Harrell's *Motion to Rescind*. *See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

way of a motion to modify, correct or rescind the order. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.).

The record before this Court does not reflect that Appellant has ever challenged the statutory basis for or amount of the sums assessed, which are the principal components supporting the withdrawal order. At this stage of the proceeding, this appeal appears to be premature because this Court is unable to evaluate whether Appellant has received all that due process requires under the statutory withdrawal scheme. Consequently, we *sua sponte* abate this appeal for 180 days and remand the cause to the trial court to allow Appellant to develop a record for meaningful review.

Upon remand, Appellant is entitled to file a motion to modify, correct or rescind the withdrawal order, present the motion to the trial court and have it considered by the trial court by whatever means necessary. Should Appellant decide to challenge the withdrawal order, any ruling resulting from that challenge shall be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before July 1, 2013. Should the period of abatement expire without any action being taken by Appellant, this appeal will be reinstated and dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

It is so ordered.

Per Curiam

3