

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00309-CV
No. 07-14-00310-CV
No. 07-14-00311-CV
_____

IN RE DANNY LEE SHEAD, RELATOR

Original Proceeding Arising from the 181st District Court
Randall County, Texas
Trial Court No. 8461-B, 19,154-B, and 8460-B; Honorable John B. Board, Presiding

September 9, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Danny Lee Shead, an inmate proceeding *pro se* and *in forma pauperis* seeks a writ of mandamus to compel the Honorable John B. Board to rescind three orders to withdraw funds entered in February 2010 in cause numbers 8460-B, 8461-B and 19,154-B and return all monies "garnished" without procedural due process. Relator also challenges assessment of attorney's fees in violation of article 26.05(g) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). For the reasons expressed herein, we deny mandamus relief.

**BACKGROUND**

In 1994, in cause number 8460-B, Relator was granted deferred adjudication probation for ten years for indecency with a child. That same year, he was convicted of sexual assault in cause number 8461-B, sentenced to ten years, probated, and assessed a $1,000 fine. In 2008, in cause number 19,154-B, Relator was convicted of failure to comply with sex offender registration, enhanced, sentenced to twelve years confinement and assessed a $1,000 fine.

On February 25, 2010, the trial court entered an *Order to Withdraw Inmate Funds* in each of Relator's three cases pursuant to section 501.014(e) of the Texas Government Code. TEX. GOV'T CODE ANN. § 501.014(e) (West 2012). Two years later, on May 22, 2014, the trial court entered *a Nunc Pro Tunc Order to Withdraw Funds* in each of the three cases. Relator suggests that entry of the *nunc pro tunc* orders without rescission of the 2010 orders is an "attempt by the trial court to confuse and prevent relief." Relator questions the amounts authorized to be withdrawn as well as certain items contained in the Bill of Costs in each case.

**MANDAMUS STANDARD OF REVIEW**

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916,

917 (Tex. 1985) (orig. proceeding)).  To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act.  *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

A court order to withdraw funds entered pursuant to section 501.014(e) of the Government Code authorizes the Texas Department of Criminal Justice to withdraw monies from an inmate's account to satisfy certain financial obligations, including, but not limited to, court costs, fees and fines.  An order to withdraw funds may be challenged by way of a motion to modify, correct or rescind.  *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex. App.—Amarillo 2010, no pet.).

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) is a civil matter akin to a garnishment action or an action to obtain a turnover order.  *Id.* at 317-19.  Discussing the due process accorded to the appellant, the Court balanced the three factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due process."  *Harrell*, 286 S.W.3d at 320.  In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal order) and an opportunity to contest the dollar amount and statutory basis of

3

the withdrawal (a motion to rescind or modify the withdrawal order),[1] he received all that due process required. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal order. *Id.* The Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding. *Id.*

This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct, or rescind the withdrawal notification. *Snelson* 326 S.W.3d at 756; *Williams v. State*, 322 S.W.3d 301, 303-04 (Tex. App.—Amarillo 2010, no pet.). The trial court's disposition of such a motion creates an appealable order. *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.) (holding that "only when [the withdrawal notification is] properly challenged and denied relief is there an order that is final from which the inmate can appeal").

From the documents filed in these original proceedings, it does not appear that Relator has any pending motions challenging the withdrawal orders in the trial court. Relator has not established that he has no adequate remedy at law and is therefore entitled to mandamus relief. Judge Board has no legal duty to perform at this time.

Accordingly, Relator's petitions for writ of mandamus are denied.

Per Curiam

---

[1] The trial court denied Harrell's *Motion to Rescind*. *See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex. App.—Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2008).