

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00302-CR
_____

IN RE JESUS GONZALEZ, RELATOR

ORIGINAL PROCEEDING

Arising out of the 222nd District Court
Oldham County, Texas
Trial Court No. OCR-17G-027; Honorable Roland Saul, Presiding

February 10, 2022

## DISSENTING OPINION
## ON MOTION FOR REHEARING EN BANC

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Jesus Gonzalez, has filed and presented to this court a *Motion for Rehearing and or Rehearing En Banc* from the *Memorandum Opinion*, dated January 4, 2022, denying his request for mandamus relief.[1] A majority of the court has voted to deny

---

[1] *See In re Gonzalez*, No. 07-21-00302-CR, 2022 Tex. App. LEXIS 20 (Tex. App.—Amarillo Jan. 4, 2022, orig. proceeding).

the motion for rehearing (in which I did not participate) and to deny the rehearing *en banc* (in which I did participate). Because I would not have joined in the original opinion, but would have instead concurred on different grounds, I dissent from the decision to deny rehearing *en banc* and now write to express those different grounds.

### THE TRIAL JUDGE ERRED IN SIGNING THE WITHHOLDING ORDER

On July 20, 2017, Relator appeared before the Honorable Roland Saul as an indigent defendant represented by court-appointed counsel and pleaded guilty to the offense of *driving while intoxicated-third or more*. The judge accepted his plea and sentenced him to four years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $2,500.00. At the same time, the judge signed an *Order to Withdraw Funds,* authorizing the TDCJ to withdraw sums from Relator's inmate trust fund for the payment of his fine, court costs, and reimbursement of his court-appointed attorney's fees. Because the judge never made a finding that Relator had the ability to pay his court-appointed attorney's fees, he erred in entering a withholding order as to those fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2021). *See also Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

On November 22, 2021, Relator filed a motion requesting the trial court to rescind its prior order to withdraw funds as it pertained to $416.00 in court-appointed attorney's fees. The trial court has not ruled on that motion. Because the trial court has not ruled on this motion, Relator has an adequate remedy at law still available to him. Should the trial court fail or refuse to perform its ministerial duty to rule on the motion that is before

2

the court, Relator has an adequate remedy by way of mandamus to compel a ruling on that motion. *See In re Shead*, Nos. 07-14-00309-CV, 07-14-00310-CV, 07-14-00311-CV, 2014 Tex. App. LEXIS 10110, at *3 (Tex. App.—Amarillo Sept. 9, 2014, orig. proceeding), *subsequent appeal* at *Shead v. State,* Nos. 07-15-00164-CV, 07-15-00165-CV, 07-15-00166-CV, 2015 Tex. App. LEXIS 6596 (Tex. App.—Amarillo June 25, 2015, no pet.); *Snelson v. State,* 326 S.W.3d 754, 756 (Tex. App.—Amarillo 2010, no pet.). Furthermore, should the trial court rule on that motion, but deny the relief requested, then Relator would have an adequate remedy by way of a timely appeal from the order denying his motion to rescind the wrongfully issued withholding order. *In re Shead,* 2014 Tex. App. LEXIS 10110, at *3.

Because I would deny Relator the relief he seeks through this mandamus proceeding on the basis of his having an adequate remedy at law, grounds different than those espoused by the majority, I respectfully dissent from the majority decision to deny *en banc* reconsideration.

Patrick A. Pirtle
Justice

Do not publish.

3