IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-10200
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERALD STONE, Individually,
Also Known as Ranscott Construction, Inc.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CV-1632

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

According to his notice of appeal, Gerald Stone appeals "from the order of

the District Court, dated February 19, 2008, wherein the Court, in granting the

___

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Government's motion to quash certain writs of garnishment, stated that the other writs of garnishment, which were the subject of Appellant's motion to quash, would continue in force and effect." This court sent both parties a notice directing them to brief the issue "[w]hether the order granting the motion to quash writs of garnishment entered on February 20, 2008, from which appeal is taken, is appealable at this stage of the litigation pursuant to R. 54(b), Fed. R. Civ. P., or the collateral order doctrine, or whether there exists some other basis of appellate jurisdiction. See generally 28 U.S.C. §§ 1291, 1292(a), (b)."

Stone did not address this issue in his opening brief. In its brief, the government presented approximately five pages of explication as to why we have no jurisdiction at this time. Stone did not file a reply brief.

As the appellant, Stone has the obligation to show jurisdiction. Moreover, the government is correct that, for the reasons it gives, the order designated in the notice of appeal is not a final, appealable order. As the government explains, "Stone appears to have filed the appeal based on a misunderstanding of the difference between the effectiveness of a writ [of garnishment] and the final disposition order in a garnishment action . . . . Because all issues in the garnishment action have not been resolved, the order on appeal is not a final order, and there is no appellate jurisdiction under section 1291."

Stone is not put in jeopardy by the dismissal of the appeal. As the government helpfully points out, "The order appealed was entered as a procedural matter to dismiss those garnishees that did not hold any funds . . . . Stone may appeal this order, if he chooses, after a final disposition order is entered in the district court."

The appeal is DISMISSED for want of appellate jurisdiction.