NO. 07-10-0259-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2011
_____

RICHARD DEWAYNE SNELSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,447-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

This is an appeal from an order partially granting and partially denying Appellant's motion requesting the trial court to rescind a withdrawal notification issued pursuant to section 501.014(e)(4) and (5) of the Texas Government Code, pertaining to the withdrawal of funds from an inmate account for the purpose of payment of fines, court fees and costs.  We affirm.

## Procedural Background

Appellant was convicted on March 9, 2005, of possession of a controlled substance with intent to deliver in a drug-free zone,[1] twice enhanced, and sentenced to sixty years confinement. Almost five years later, on February 25, 2010, without a hearing, the trial court signed and entered a document entitled *Order to Withdraw Inmate Funds (Pursuant to TX. Gov't. Code, Sec. 501.014(e)).*[2] By this withdrawal notification, the trial court directed the Texas Department of Criminal Justice Institutional Division to withhold $2,228.50 for court costs, fines and fees from Appellant's inmate account. On March 9, 2010, a *Bill of Costs* was prepared reflecting Appellant owed $2,228.50, of which $1,950 was for court-appointed attorney's fees. While the 2005 judgment provides that "the State of Texas do have and recover of the said defendant all costs in this proceeding incurred, for which let execution issue," the summary portion of the judgment leaves the amount of costs blank and the issue of attorney's fees is unaddressed.

On March 18, 2010, Appellant filed a *pro se* notice of appeal and a request for recession of the withdrawal notification. On April 12, 2010, Appellant filed his second motion requesting recession of the withdrawal notification. On August 30, 2010, Appellant filed with this Court a *pro se* brief raising the following issues: (1) the

---

[1]Tex. Health and Safety Code Ann. § 481.134 (West 2010).

[2]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See id.* at § 501.014(e)(1)-(6). *See also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). Therefore, rather than refer to that document as an order, we prefer to use the statutory term "withdrawal notification" to avoid confusion with the underlying court order entered after notice and hearing.

withdrawal order is a violation of due process; (2) the withdrawal order is void because the trial court's subject matter jurisdiction lapsed; and (3) if the trial court's order is valid pursuant to section 501.014(e) of the Texas Government Code, then that statute is unconstitutional. In its reply brief, the State raised the issue of whether a final, appealable order existed for review by this Court. Agreeing that no final, appealable order had been entered, on November 10, 2010, this Court found Appellant's notice of appeal to be premature. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.). Accordingly, the appeal was abated for ninety days to allow Appellant the opportunity to challenge in the trial court the withdrawals from his inmate account and obtain an appealable order. *Id.* at 756-57. Thereafter, on January 21, 2011, Appellant filed his third request for recession of the withdrawal notification along with a request for setting.

By letter dated February 25, 2011, Appellant was notified that no order had been received by this Court during the abatement period and he was directed to show cause, no later than March 28, 2011, why the appeal should not be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). On March 16, 2011, Appellant filed a response which included a copy of a letter to the trial court again requesting a ruling on his challenge to the withdrawal notification. On April 14, 2011, a supplemental clerk's record was filed in this Court containing the trial court's *Amended Order to Withdraw Funds* signed March 21, 2011.

We find that a final, appealable order was created by the trial court's ruling on Appellant's motion, as evidenced by the March 21, 2011 amended order. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied) (citing *Ramirez v.*

3

*State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.)); *Jewell v. State,* No. 06-10-00114-CV, 2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet. h.).

**Standard of Review**

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *Williams*, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team*, *LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

**Analysis**

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory

4

basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[3] he received all that due process required. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct or rescind the withdrawal notification. *See Snelson*, 326 S.W.3d at 756; *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.). By initiating that process, Appellant invoked the jurisdiction of the trial court to resolve that dispute.

The trial court's amended order contained in the supplemental clerk's record correctly deletes $1,950 previously assessed for court-appointed attorney's fees from the amount authorized to be withdrawn from Appellant's inmate account. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex.Crim.App. 2010) (without record evidence demonstrating a defendant's ability to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees). Also contained in the supplemental clerk's record is an *Amended Bill of Costs*. While the amended order deletes the amount of attorney's fees, it nevertheless authorizes withdrawals from Appellant's inmate account in the amount of $242.04 for legislatively mandated fees and costs included in the *Amended Bill of Costs.*

---

[3]The trial court denied Harrell's *Motion to Rescind. See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

Legislatively mandated fees and costs[4] may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant. *See Armstrong v. State*, 320 S.W.3d 479, 482-83 (Tex.App.--Amarillo 2010, pet. granted) (Pirtle, J., concurring) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009)). Such fees are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay. *See Williams*, 332 S.W.3d at 700.

Because (1) the withdrawal order does not violate due process, (2) the trial court had subject matter jurisdiction to resolve Appellant's motion, and (3) section 501.014(e) of the Texas Government Code is not unconstitutional, Appellant's issues are overruled.

## Conclusion

The trial court's amended order entered in response to Appellant's motion to rescind the withdrawal notification is affirmed.

Patrick A. Pirtle
Justice

---

[4]*See, e.g.,* Tex. Alco. Bev. Code Ann. § 106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010); Tex. Bus. Orgs. Code Ann. § 10.365 (West Supp. 2010); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West 2006 & Supp. 2010); Tex. Educ. Code Ann. §37.011 (West Supp. 2010); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 & Supp. 2010); Tex. Gov't Code Ann. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702 - 51,703, 54.313, 54.403,54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081 (West 2005 & Supp. 2010); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (West 2010); Tex. Hum. Res. Code Ann. § 152.0522 (West 2001); Tex. Local Gov't Code Ann. §§ 118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp. 2010); Tex. Parks and Wild. Code Ann. §§ 12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007 & Supp. 2010) (not intended as an exhaustive list).