**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2012

No. 11-20632

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD R. BRANHAM,

Defendant-Appellant

v.

CHARLOTTE D. BRANHAM,

Intervenor-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Donald R. Branham and his wife, Intervenor-Appellant Charlotte D. Branham, appeal the district court's denial of their motions to dissolve a writ of garnishment and to hold a hearing. We lack appellate jurisdiction over this matter because a final judgment has not been entered by the district court. Accordingly, we DISMISS this appeal, without prejudice, for want of appellate jurisdiction.

No. 11-20632

I.

## FACTS AND PROCEEDINGS

Donald Branham pleaded guilty to numerous counts of bank fraud and was sentenced to 30 months in prison and ordered to pay $1.8 million in restitution.  The government applied for a writ of garnishment pursuant to 28 U.S.C. § 3205, seeking to garnish specified accounts held by Wells Fargo Bank that belonged to the Branhams.  The district court issued a writ of garnishment, instructing Wells Fargo to withhold and retain the Branhams' accounts.  Wells Fargo answered that it was in possession of about $8,581.00 in accounts belonging to Donald or Charlotte, or jointly to both.  The Branhams moved separately to quash the allegedly defective service on Wells Fargo and to dissolve the writ of garnishment on the ground that Charlotte's accounts were not community property.  They also requested a hearing.  The government countered that the property of both Branhams was garnishable as community property under applicable state law and that a purported community property partition was fraudulent.  The government also contended that any defects in service had been cured.  The district court denied the Branhams' motions without a hearing or any further elaboration in its order.

The Branhams appeal the district court's denial of their request for a hearing and its denial of their motion to dissolve the writ of garnishment, advancing the same arguments as to why they should be granted a hearing and why the writ should be dissolved as they had in the district court.  The government replies that this court lacks appellate jurisdiction because the district court's denial of the motions to dissolve the writ of garnishment was not a final order disposing of the property under § 3205(c)(7).  The Branhams have not adequately briefed this issue on appeal, stating only conclusively that the "appeal is from a final order or judgment that disposes of all parties' claims," without further explication.

No. 11-20632

## II.

## ANALYSIS

Under U.S.C. § 1291, courts of appeals have "jurisdiction of appeals from all final decisions of the district courts of the United States."[1] "As a general rule, an order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[2]

The government's appellate brief extensively explains the procedure for garnishment under § 3205, contending that this court does not have appellate jurisdiction at this time. The Branhams, by contrast, have not briefed this issue in their opening brief and did not file a reply, even though, as the appellants, it is the Branhams' obligation to demonstrate the basis of appellate jurisdiction.[3]

The district court's order denying the Branhams' requested relief is simply not a final, appealable order. Under § 3205(c)(7), it is only after a writ of garnishment has been issued, the garnishee has answered, and the court has held a hearing (if one was requested and granted), that the court may enter a final "order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." Here, the district court has not yet entered a final order directing the disposition of the property. That court has only reached the point of denying the Branhams' requests for a hearing and their motions to dissolve the writ altogether. A step remains to be taken before this matter becomes final and appealable.

Although we have not previously addressed this precise issue directly, our prior cases dealing with appeals from writs of garnishment have typically noted

---

[1] 28 U.S.C. § 1291; *see also Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985).

[2] *Thompson*, 754 F.2d at 1245 (internal quotation marks and citation omitted).

[3] *United States v. Stone*, 291 F. App'x. 684, 685 (5th Cir. 2008) (unpublished).

that the district court had entered a final order of garnishment.[4] We have also noted previously in passing that appealing a writ of garnishment before a final order has been entered is premature.[5] Moreover, we see the facts of this case as being essentially identical to those in *United States v. Stone,*[6] in which we held that an appeal from an order that quashed some writs of garnishment but left others in place was not final and appealable. As in this case, the appellant in *Stone* did not meet his obligation to demonstrate jurisdiction by adequately briefing the issue. We also observed in *Stone* that the order sought to be appealed did not constitute a final disposition with respect to the writ of garnishment and therefore dismissed the appeal. Although the facts of *Stone* are somewhat different, in that it involved an appeal from an order quashing some writs but allowing others to remain in place, we do not view this difference as constituting a distinction.[7] Here, as in *Stone*, less than all of the issues in a § 3205 garnishment action have been resolved, so the order sought to be appealed is not a final order, absent which there is no appellate jurisdiction under § 1291.

## III.

## CONCLUSION

For the foregoing reasons, we hold that the order appealed from is not a final order. This appeal is therefore DISMISSED without prejudice for want of appellate jurisdiction.

---

[4] *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (noting that district court "denied [Appellant's] objections and entered a final order of garnishment"); *United States v. Goyette*, 446 F. App'x. 718, 719-20 (5th Cir. Oct. 24, 2011) (unpublished) (observing that the district court had entered a "final order of garnishment.").

[5] *United States v. Petal*, 444 F. App'x 737, 738 n.3 (5th Cir. 2011) (unpublished).

[6] 291 F. App'x. 684 (5th Cir. 2008) (unpublished).

[7] *Id.* at 685.