**Opinion filed October 11, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00370-CV

_____

## JOE DALE BOND, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 5855**

## MEMORANDUM OPINION

This is an appeal from an order denying Joe Dale Bond's contest of a withdrawal notification issued pursuant to Section 501.014(e) of the Texas Government Code. Appearing pro se, appellant challenges the order denying his motion to strike the withdrawal notification in three issues. We affirm in part, and we reverse and render in part.

*Background Facts*

Appellant was convicted of aggravated sexual assault on February 27, 2003. The jury assessed his punishment at confinement for life in the Institutional Division of the Texas

Department of Criminal Justice. The trial court's written judgment of conviction required appellant to pay court costs of $283 under the following provision: "COSTS OF COURT: $283.00 court costs plus any additional costs of court and attorney fees." However, the judgment did not specify any amount of additional costs of court or attorney's fees payable by appellant. The district clerk subsequently prepared a bill of costs on the following day (February 28, 2003) setting out court costs of $283. Appellant did not appeal the judgment of conviction or the certified bill of costs.

On June 12, 2003, appellant's court-appointed trial counsel filed a request for payment seeking attorney's fees and expenses. The trial court entered an "Order to Pay Court Appointed Attorney" on June 13, 2003, providing that counsel be paid $6,360 from the General Fund of Haskell County. However, the order did not direct appellant to pay any amount for attorney's fees.

Approximately seven years after the entry of the judgment of conviction, the trial court entered an "Order to Withdraw Funds" on November 15, 2010, under the original underlying criminal cause number. It directed the Texas Department of Criminal Justice to withdraw the sum of $6,643 from appellant's "Inmate Trust Account." There is no dispute that the sum of $6,643 consists of the court costs of $283 and the attorney's fees of $6,360. This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. *Snelson v. State*, 341 S.W.3d 582, 584 n.3 (Tex. App.—Amarillo 2011, no pet.); *see* TEX. GOV'T CODE ANN. § 501.014(e) (West 2012) (describing the process as a "notification by a court"); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). We will refer to the document as a "withdrawal notification." A withdrawal notification does not constitute a final, appealable order. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex. App.—Amarillo 2010, no pet.).

Appellant filed a motion to strike the withdrawal notification on December 9, 2010, alleging that the notification was void because it was executed after the trial court's plenary power over the conviction had expired. He additionally alleged that it was barred by laches and that he continued to be indigent. Appellant additionally filed a notice of appeal from the withdrawal notification on December 9, 2010. Citing *Harrell*, we issued an order on January 27, 2011, declaring that appellant's notice of appeal was premature. We abated the appeal to give appellant an opportunity to obtain a ruling from the trial court on his motion to strike the

2

withdrawal notification. The trial court subsequently entered an order on January 31, 2011, denying appellant's motion to strike. We reinstated the appeal because this order constituted a final, appealable order. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied) (citing *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.)).

*Standard of Review*

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *Williams*, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

*Analysis*

Appellant asserts in his first issue that the trial court no longer had plenary power over his criminal conviction and thus lacked subject-matter jurisdiction to enter the withdrawal notification because of the passage of several years. He asserts in his third issue that the trial court's withdrawal notification was barred by laches. The Amarillo Court of Appeals rejected both of these arguments in *Rey v. State*, No. 07-10-0464-CV, 2011 WL 2342697 (Tex. App.—Amarillo June 14, 2011, no pet.) (mem. op.). The appellant asserted in *Rey* that the trial court lacked plenary power to issue a withdrawal notification more than fourteen years after his conviction. *Rey*, 2011 WL 2342697, at *1–2. He also asserted that the doctrine of laches barred the issuance of the withdrawal notification. *Id.* at *3. The Amarillo Court of Appeals rejected both of these contentions, and we agree with the court's reasoning and holding. Proceedings for the collection of fees and costs of court under Section 501.014(e) are civil proceedings under *Harrell* and are not part of the underlying criminal case. A trial court possesses jurisdiction to issue a withdrawal notification for an obligation to pay costs of court as long as the costs remain unpaid. Furthermore, the State, as a sovereign entity, is not subject to the defense of laches. *State v. Durham*, 860 S.W.2d 63, 67 (Tex. 1993). Accordingly, appellant's first and third issues are overruled.

In his second issue, appellant challenges the evidence supporting the withdrawal notification and his ability to pay it. Among other things, appellant asserts that there is no certified bill of costs supporting the withdrawal notification in the amount of $6,643. We agree with appellant's contention regarding the collection of attorney's fees.

The issuance of a clerk's bill of costs in a criminal proceeding makes the included costs payable under TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). *Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011). Court costs, as reflected in a certified bill of costs, do not have to be orally pronounced or included by reference in the judgment of conviction to be effective because they are compensatory and nonpunitive. *Id.* at 766–67; s*ee Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Attorney's fees are also compensatory and nonpunitive. *Armstrong*, 340 S.W.3d at 767. Accordingly, attorney's fees do not have to be orally pronounced to be effective. *Id.* "Further, attorney fees *as set forth in a certified bill of costs are effective* whether or not incorporated by reference in the written judgment." *Id.* (emphasis added).

The only certified bill of costs issued in the underlying proceedings reflected the original amount of court costs in the amount of $283. The withdrawal notification was ineffective to the extent it sought to collect attorney's fees because there was not a certified bill of costs assessing the attorney's fees as court costs payable by appellant. *Id.* at 766–67. Accordingly, the trial court abused its discretion in failing to grant appellant's motion to strike the withdrawal notification with respect to attorney's fees. Appellant's second issue is sustained in part with respect to the collection of attorney's fees. Any complaint by appellant pertaining to the collection of the $283 in original court costs set out in the certified bill of costs is overruled because a complaint regarding their assessment should have been raised in an appeal from the judgment of conviction and certified bill of costs. *Id.*

*This Court's Ruling*

We affirm the trial court's order denying appellant's motion to strike the withdrawal notification in part with respect to the collection of court costs of $283. We reverse the trial court's order denying appellant's motion to strike the withdrawal notification pertaining to the collection of attorney's fees, and we render judgment granting the motion to strike in part. We direct the entry of an amended withdrawal notification pursuant to Section 501.014(e) deleting the collection of $6,360 for attorney's fees. We further order that a copy of the amended

withdrawal notification be delivered to the Institutional Division of the Texas Department of Criminal Justice.

TERRY McCALL

JUSTICE

October 11, 2012

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.