Opinion filed October 11,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00370-CV

                                                    __________

 

                                     JOE
DALE BOND,  Appellant 

 

                                                             V.

 

                                     STATE
OF TEXAS,  Appellee

 



                                   On
Appeal from the 39th District Court

 

                                                           Haskell
County, Texas

 

                                                       Trial
Court Cause No. 5855

 

 



                                            M E M O R A N
D U M   O P I N I O N

 

            This is an appeal from an order denying Joe Dale Bond’s contest of a withdrawal
notification issued pursuant to Section 501.014(e) of the Texas Government
Code.  Appearing pro se, appellant challenges the order denying his motion to
strike the withdrawal notification in three issues.  We affirm in part, and we reverse
and render in part. 

Background
Facts

            Appellant
was convicted of aggravated sexual assault on February 27, 2003.  The jury
assessed his punishment at confinement for life in the Institutional Division
of the Texas Department of Criminal Justice.  The trial court’s written
judgment of conviction required appellant to pay court costs of $283 under the
following provision: “COSTS OF COURT: $283.00 court costs plus any additional
costs of court and attorney fees.”  However, the judgment did not specify any
amount of additional costs of court or attorney’s fees payable by appellant. 
The district clerk subsequently prepared a bill of costs on the following day
(February 28, 2003) setting out court costs of $283.  Appellant did not appeal
the judgment of conviction or the certified bill of costs.    

            On
June 12, 2003, appellant’s court-appointed trial counsel filed a request for
payment seeking attorney’s fees and expenses.  The trial court entered an
“Order to Pay Court Appointed Attorney” on June 13, 2003, providing that
counsel be paid $6,360 from the General Fund of Haskell County.  However, the
order did not direct appellant to pay any amount for attorney’s fees.  

            Approximately
seven years after the entry of the judgment of conviction, the trial court
entered an “Order to Withdraw Funds” on November 15, 2010, under the original
underlying criminal cause number.  It directed the Texas Department of Criminal
Justice to withdraw the sum of $6,643 from appellant’s “Inmate Trust Account.” 
There is no dispute that the sum of $6,643 consists of the court costs of $283
and the attorney’s fees of $6,360.  This document is not an “order” in the
traditional sense of a court order, judgment, or decree issued after notice and
hearing in either a civil or criminal proceeding.  Snelson v. State, 341
S.W.3d 582, 584 n.3 (Tex. App.—Amarillo 2011, no pet.); see Tex. Gov’t Code Ann. § 501.014(e) (West
2012) (describing the process as a “notification by a court”); see also
Harrell v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2009).  We will refer to
the document as a “withdrawal notification.”  A withdrawal notification does
not constitute a final, appealable order.  See Snelson v. State, 326
S.W.3d 754, 756 (Tex. App.—Amarillo 2010, no pet.). 

            Appellant
filed a motion to strike the withdrawal notification on December 9, 2010,
alleging that the notification was void because it was executed after the trial
court’s plenary power over the conviction had expired.  He additionally alleged
that it was barred by laches and that he continued to be indigent.  Appellant
additionally filed a notice of appeal from the withdrawal notification on
December 9, 2010.  Citing Harrell, we issued an order on January 27,
2011, declaring that appellant’s notice of appeal was premature.  We abated the
appeal to give appellant an opportunity to obtain a ruling from the trial court
on his motion to strike the withdrawal notification.  The trial court
subsequently entered an order on January 31, 2011, denying appellant’s motion
to strike.  We reinstated the appeal because this order constituted a final,
appealable order.  See Williams v. State, 332 S.W.3d 694, 698 (Tex. App.—Amarillo
2011, pet. denied) (citing Ramirez v. State, 318 S.W.3d 906, 908 (Tex. App.—Waco
2010, no pet.)).   

Standard
of Review

            We
review a trial court’s decision whether to grant or deny a challenge to a
withdrawal notification under an abuse of discretion standard.  Williams,
332 S.W.3d at 698.  A trial court abuses its discretion when it acts “without
reference to any guiding rules and principles.” Quixtar Inc. v. Signature
Mgmt. Team, LLC, 315 S.W.3d 28, 31 (Tex. 2010) (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).  A trial
court abuses its discretion if “it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.”  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

Analysis

            Appellant
asserts in his first issue that the trial court no longer had plenary power
over his criminal conviction and thus lacked subject-matter jurisdiction to
enter the withdrawal notification because of the passage of several years.  He
asserts in his third issue that the trial court’s withdrawal notification was
barred by laches.   The Amarillo Court of Appeals rejected both of these
arguments in Rey v. State, No. 07-10-0464-CV, 2011 WL 2342697 (Tex. App.—Amarillo
June 14, 2011, no pet.) (mem. op.).  The appellant asserted in Rey that
the trial court lacked plenary power to issue a withdrawal notification more
than fourteen years after his conviction.  Rey, 2011 WL 2342697, at *1–2.
 He also asserted that the doctrine of laches barred the issuance of the
withdrawal notification.  Id. at *3.  The Amarillo Court of
Appeals rejected both of these contentions, and we agree with the court’s
reasoning and holding.  Proceedings for the collection of fees and costs of
court under Section 501.014(e) are civil proceedings under Harrell
and are not part of the underlying criminal case.  A trial court possesses
jurisdiction to issue a withdrawal notification for an obligation to pay costs
of court as long as the costs remain unpaid.  Furthermore, the State, as a
sovereign entity, is not subject to the defense of laches.  State v. Durham,
860 S.W.2d 63, 67 (Tex. 1993).  Accordingly, appellant’s first and third issues
are overruled.

            In
his second issue, appellant challenges the evidence supporting the withdrawal
notification and his ability to pay it.  Among other things, appellant asserts
that there is no certified bill of costs supporting the withdrawal notification
in the amount of $6,643.  We agree with appellant’s contention regarding the
collection of attorney’s fees.  

            The
issuance of a clerk’s bill of costs in a criminal proceeding makes the included
costs payable under Tex. Code Crim. Proc.
Ann. art. 103.001 (West 2006).  Armstrong v. State, 340 S.W.3d 759,
765 (Tex. Crim. App. 2011).  Court costs, as reflected in a certified bill of
costs, do not have to be orally pronounced or included by reference in the
judgment of conviction to be effective because they are compensatory and
nonpunitive.   Id. at 766–67; see Weir v. State, 278
S.W.3d 364, 367 (Tex. Crim. App. 2009).  Attorney’s fees are also compensatory
and nonpunitive.  Armstrong, 340 S.W.3d at 767.  Accordingly, attorney’s
fees do not have to be orally pronounced to be effective.  Id.  “Further,
attorney fees as set forth in a certified bill of costs are effective whether
or not incorporated by reference in the written judgment.” Id. (emphasis
added).

            The
only certified bill of costs issued in the underlying proceedings reflected the
original amount of court costs in the amount of $283.  The withdrawal
notification was ineffective to the extent it sought to collect attorney’s fees
because there was not a certified bill of costs assessing the attorney’s fees
as court costs payable by appellant.  Id. at 766–67. 
Accordingly, the trial court abused its discretion in failing to grant appellant’s
motion to strike the withdrawal notification with respect to attorney’s fees. 
Appellant’s second issue is sustained in part with respect to the collection of
attorney’s fees.  Any complaint by appellant pertaining to the collection of
the $283 in original court costs set out in the certified bill of costs is
overruled because a complaint regarding their assessment should have been
raised in an appeal from the judgment of conviction and certified bill of
costs.  Id.

This
Court’s Ruling

            We
affirm the trial court’s order denying appellant’s motion to strike the
withdrawal notification in part with respect to the collection of court costs
of $283.  We reverse the trial court’s order denying appellant’s motion to
strike the withdrawal notification pertaining to the collection of attorney’s
fees, and we render judgment granting the motion to strike in part.  We direct
the entry of an amended withdrawal notification pursuant to Section 501.014(e)
deleting the collection of $6,360 for attorney’s fees.  We further order that a
copy of the amended withdrawal notification be delivered to the Institutional
Division of the Texas Department of Criminal Justice.  

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

October 11, 2012

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]

 









                [1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.