# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40822

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSEPH JAMES FALCETTA, JR.,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CR-59-1

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Joseph James Falcetta, Texas prisoner #822447, appeals from an order granting the Government's motion for the filing of a withdrawal notification directing Texas prison authorities to withdraw funds from Falcetta's prison account to pay restitution ordered as part of his federal criminal sentence. For the following reasons, we DISMISS the appeal for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40822

## FACTS AND PROCEEDINGS

After hijacking and robbing a passenger bus at gunpoint in 1996, Falcetta pled guilty to federal crimes of armed robbery of a motor vehicle and possession of a firearm during a crime of violence. He was sentenced to 191 months of imprisonment and 5 years of supervised release. As part of his federal sentence, Falcetta was also ordered to pay $108,595.79 in restitution. That amount was due in full immediately. In state court, Falcetta was convicted of aggravated robbery and sentenced to 44 years of imprisonment. *Falcetta v. State*, 991 S.W.2d 295, 296 (Tex. App. 1999). Falcetta is currently serving the state sentence in the Texas Department of Criminal Justice. He has not yet started serving his federal prison sentence.

On July 16, 2013, after Falcetta had already spent over a decade in the Texas prison system, the Government moved the district court to order the withdrawal of funds from Falcetta's inmate trust account under section 501.014(e) of the Texas Government Code.[1] The district court signed the requested "Order to Withdraw Funds" on July 18. Upon learning from Texas prison officials that the order did not comply with state regulations related to federal criminal judgments, the Government moved to amend the withdrawal notification on July 23. The next day, on July 24, Falcetta moved for an extension of time to respond to the Government's motion to order withdrawal of funds.[2] On July 25, the district court granted the Government's motion for an amended withdrawal notification, but did not mention or rule on Falcetta's motion for an extension of time. Falcetta filed a timely notice of appeal.[3]

---

[1] According to the Government, Falcetta's co-defendant, who is jointly and severally liable for the restitution, has made some payments, but the outstanding balance is $93,738.28.

[2] Falcetta's motion is dated July 19 and postmarked July 22.

[3] Falcetta's notice of appeal is dated July 23 and postmarked July 24. The notice only appeals from the district court's first withdrawal notification signed on July 18. We need not

2

No. 13-40822

This court denied the Government's motion for summary affirmance and ordered briefing on the issue of whether this court has jurisdiction to review the withdrawal notification. Falcetta and the Government have both filed briefs addressing this jurisdictional issue.

## DISCUSSION

The Government may enforce a restitution judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f). In Texas, "[o]n notification by a court, the [Texas Department of Criminal Justice] shall withdraw from any inmate's account any amount the inmate is ordered to pay by order of the court under this subsection." Tex. Gov't Code Ann. § 501.014(e). Restitution orders are listed as a type of obligation for which withdrawals may be made. *Id.* § 501.014(e)(2). Under Texas law, a withdrawal notification "is not an 'order' in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding." *Palomo v. State*, 322 S.W.3d 304, 305 & n.1 (Tex. App. 2010) (per curiam); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009) (recognizing that section 501.014(e) "describes the trigger as '*notification* by a court'" rather than *order* by a court (emphasis added)). Instead, a withdrawal notification "is more akin to a judgment nisi . . . [, which is] a provisional judgment entered when an accused fails to appear for trial. . . . It is not final or absolute, but may become final." *Palomo*, 322 S.W.3d at 305 n.1. "Similarly, a withdrawal notification issued pursuant to § 501.014(e), triggers a trust fund withdrawal, serves as notice of the collection proceeding, and continues to operate unless the inmate takes action causing the notification to be withdrawn." *Id.* Thus, under Texas law, a

---

decide whether Falcetta's notice of appeal deprived the district court of jurisdiction to enter the amended withdrawal notification. Whether we analyze the original or the amended notification, the analysis remains the same.

No. 13-40822

withdrawal notification is not final or appealable until the state trial court enters an order ruling on the inmate's motion challenging the notification. *See Snelson v. State* (*Snelson I*), 326 S.W.3d 754, 755–57 (Tex. App. 2010) (per curiam) (finding no appellate jurisdiction because the state trial court had not yet ruled on the inmate's motion to rescind or modify the withdrawal notification). Only after an inmate challenges the notification and the trial court denies relief can the inmate appeal the withdrawal notification. *See Snelson v. State* (*Snelson II*), 341 S.W.3d 582, 583–84 (Tex. App. 2011).

Falcetta did not file a motion to rescind or modify the withdrawal notification. Rather, he moved for an extension of time to object to the issuance of the notification. Therefore, under Texas law, the withdrawal notification did not constitute a final, appealable order, and a Texas appellate court would lack jurisdiction to review it. *See Ramirez v. State,* 318 S.W.3d 906, 908 (Tex. App. 2010).

Our jurisdiction, however, is determined by federal law, not state law. *Ramirez v. Martinez*, 716 F.3d 369, 373 (5th Cir. 2013). Under 28 U.S.C. § 1291, this court has jurisdiction over "appeals from all final decisions of the district courts of the United States." "As a general rule, an order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted).

Although this court has not considered section 501.014's mechanism, it has considered similar jurisdictional issues when reviewing garnishment orders based on federal law. *Cf. Harrell*, 286 S.W.3d at 319 (comparing the withdrawal-notification procedure to "a garnishment action or an action to obtain a turnover order"). This court only has jurisdiction to review *final* garnishment orders issued by district courts. *See Branham*, 690 F.3d at 635 (addressing a writ of garnishment to collect a restitution judgment in a

4

criminal case). A court may enter a final order of garnishment only "after a writ of garnishment has been issued, the garnishee has answered, and the court has held a hearing (if one was requested and granted)." *Id.* In other words, like withdrawal notifications under Texas law, a writ of garnishment is not appealable; a final order of garnishment must be entered. *Id.*; *see also Owen v. State*, 352 S.W.3d 542, 544–45 (Tex. App. 2011) (concluding that a trial court's ruling on a motion to rescind withdrawal notification "resulted in a final, appealable order").

The withdrawal notification in Falcetta's case is functionally similar to the federal writ of garnishment in *Branham*, which was not a final, appealable order. *See* 690 F.3d at 635. Had the Government obtained a writ of garnishment under federal law and had Falcetta failed to respond, the writ of garnishment would be nonfinal and non-appealable. *See id.* The Government, however, chose to proceed under state law, presumably because Falcetta is incarcerated in state prison. The Government is explicitly allowed to seek enforcement of a restitution order using state-law practices and procedures. 18 U.S.C. § 3613(a), (f). Because the federal garnishment and state withdrawal-notification procedures are functionally similar, *see Harrell*, 286 S.W.3d at 319, we hold that the withdrawal notification is nonfinal and non-appealable. Thus, any challenges to a withdrawal notification must initially be made to the district court, and the notification becomes final only after the district court rules on these challenges.

Opposing this conclusion, Falcetta argues that this court has jurisdiction over his appeal because the restitution order is part of his federal criminal sentence. He also suggests that the restitution portion of his federal sentence may not be enforced until he begins serving his federal prison term. Finally, Falcetta argues that the withdrawal order is final and appealable because it is "being enforced" against him.

Falcetta's arguments are unavailing. First, although a restitution order is a criminal penalty, a proceeding under § 501.014(e) to collect the restitution amount is "civil in nature and not part of the underlying criminal case." *Harrell*, 286 S.W.3d at 316. Next, the restitution amount was due in full immediately, and the Government "is required . . . to enforce victim restitution orders 'aggressively.'" *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam) (citation omitted). Finally, although an inmate is entitled to notice and an opportunity to be heard, "neither need occur before the funds are withdrawn." *Harrell*, 286 S.W.3d at 321. Falcetta has received notice because he received a copy of the withdrawal notification, and he has an opportunity to be heard because he can file a motion seeking rescission or modification of the withdrawal notification in the district court. *See In re Hart*, 351 S.W.3d 71, 75 (Tex. App. 2011). Therefore, Falcetta's challenges to the withdrawal notification in this court are premature and must be raised in the district court in the first instance. *See Branham*, 690 F.3d at 635.

## CONCLUSION

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction.