**Opinion filed October 22, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00313-CV

_____

## DONNY LEE BRETZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-17,040**

## MEMORANDUM OPINION

Donny Lee Bretz, an inmate proceeding pro se and *in forma pauperis*, appeals the trial court's order denying his motion to rescind an order to withdraw funds from his inmate account. We affirm.

The jury convicted Appellant of murder in 1985 in Cause No. A-17,040 in the 70th District Court of Ector County and assessed his punishment at confinement for a term of ninety-nine years. The jury additionally assessed a fine in the amount of

$10,000. Approximately twenty-seven years later, a document entitled "**ORDER TO WITHDRAW FUNDS**" was signed and entered in the original criminal cause number. We will refer to this order as a "withdrawal notification." *See* TEX. GOV'T CODE ANN. § 501.014(e) (West 2012); *Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). The withdrawal notification was addressed to the Texas Department of Criminal Justice, and it advised the Department that Appellant had been assessed "court costs, fees and/or fines and/or restitution" in the amount of $10,000. The withdrawal notification also indicated that it was issued pursuant to Section 501.014. The withdrawal notification directed the Department to withhold the amount of $10,000 from Appellant's inmate account.

On August 5, 2013, Appellant sent a letter regarding his "MOTION TO RESCIND ORDER TO WITHDRAW FUNDS FROM INMATE TRUST FUND ACCOUNT." The trial court denied the motion on August 21, 2013. On appeal, Appellant challenges the denial of the motion in a single issue. He asserts that the trial court did not "have the means of collection of financial portions" of the judgment of conviction. He also contends that the withdrawal notification was improper because he had previously been determined to be indigent.

In *Harrell v. State*, the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to Section 501.014(e) is a civil matter akin to a garnishment action or an action to obtain a turnover order. *Harrell*, 286 S.W.3d at 317–19. The inmate's due process rights are satisfied if he receives notice of the withdrawal notification and an opportunity to contest the dollar amount and statutory basis of the withdrawal in the form of a motion to rescind or modify the withdrawal notification. *Id.* at 320–21. The trial court's disposition of such a motion creates an appealable order. *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.). We review a trial court's decision whether to deny a motion contesting a withdrawal

notification under an abuse of discretion standard. *Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied).

Contrary to Appellant's assertion, Section 501.014(e) provides a means to the trial court to collect the financial portion of his judgment of conviction. The statute provides a postjudgment collection mechanism for the trial court to enforce a money judgment by seizing funds to satisfy the monetary portion of the judgment. *Harrell*, 286 S.W.3d at 319. Furthermore, the statute specifically permits the collection of "all orders for fines." Gov't § 501.014(e)(5).

The withdrawal notification required the withdrawal of $10,000 from Appellant's inmate account. This is the same amount of the fine assessed by the jury as reflected in the original judgment of conviction and sentence. A recitation in the judgment, such as the one here assessing a fine of $10,000, creates a binding presumption of regularity absent direct proof to the contrary. *Williams*, 332 S.W.3d at 699–700; *see Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002). Therefore, we conclude that the fine was properly collectable. *See Williams*, 332 S.W.3d at 700.

With respect to Appellant's complaint based upon his indigence, a defendant may not be ordered to reimburse court-appointed attorney's fees without evidence of an ability to pay. *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). However, fines and legislatively mandated fees and costs may be withdrawn from an inmate's account without regard to his ability to pay. *In re Bryant*, No. 07-11-0052-CV, 2011 WL 677340, at \*2 (Tex. App.—Amarillo Feb. 25, 2011, orig. proceeding); *see Armstrong v. State*, 320 S.W.3d 479, 482–83 (Tex. App.—Amarillo 2010) (Pirtle, J., concurring), *rev'd in part on other grounds*, 340 S.W.3d 759 (Tex. Crim. App. 2011). Such fines and fees are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay. *Snelson v. State*,

341 S.W.3d 582, 585 (Tex. App.—Amarillo 2011, no pet.); *see Williams*, 332 S.W.3d at 700. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the order of the trial court denying Appellant's "MOTION TO RESCIND ORDER TO WITHDRAW FUNDS FROM INMATE TRUST FUND ACCOUNT."


JOHN M. BAILEY

JUSTICE


October 22, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.