NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2187, 23-2212, & 23-2290
_____

UNITED STATES OF AMERICA

v.

SEAN E. JELEN,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:16-cr-00156-001)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 16, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*.

(Opinion filed: September 23, 2025)
_____

OPINION[*]
_____

MONTGOMERY-REEVES, *Circuit Judge.*

Sean Jelen pleaded guilty to bank fraud and attempted bank fraud.  The District

Court sentenced him to 70 months of imprisonment and ordered $694,971.88 in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

restitution. Jelen appealed, and we affirmed. *See United States v. Jelen*, No. 18-1284, 2024 WL 686155, at *1–3 (3d Cir. Feb. 20, 2024). Because Jelen's restitution balance remained unsatisfied, the Government applied for a writ of garnishment against payments made by Metropolitan Life Insurance Company to Jelen. The District Court issued the writ of garnishment and explained next steps in the litigation. Instead of following those steps, Jelen appealed.[1] Because the order issuing the writ of garnishment was not an appealable final decision under 28 U.S.C. § 1291,[2] we will dismiss this appeal for lack of appellate jurisdiction.[3]

Section 1291 grants us "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "[A] final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, there will be nothing further for the district court to do." *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) (first citing *Catlin v. United States*, 324 U.S. 229, 233 (1945); and then citing *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993)). As a

---

[1] We thank Tucker Law Group and Temple University Beasley School of Law for ably serving as pro bono counsel for Jelen.

[2] Jelen now concedes that we lack appellate jurisdiction. "[w]e have an independent obligation at the threshold to examine whether we have appellate jurisdiction," we will explain why we agree. *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007) (citation omitted).

[3] Jelen filed three appeals but only advances arguments in No. 23-2187 relating to the writ of garnishment; he has abandoned all arguments in Nos. 23-2212 & 23-2290.

result, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." *Id.* (citations omitted).

To determine whether the District Court's issuance of a writ of garnishment is appealable, we must first examine how writs of garnishment work under the Federal Debt Collection Procedures Act (the "FDCPA"). Subject to exceptions not relevant here, it provides "the exclusive civil procedures for the United States" to "recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). An outstanding award of restitution under the Mandatory Victims Restitution Act is a debt the FDCPA allows the Government to recover. 18 U.S.C. § 3613(a), (f). One way the Government can recover the debt is by seeking "a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

The FDCPA sets forth a detailed procedure for writs of garnishment. First, the Government must apply for a writ of garnishment. *Id.* § 3205(b)(1). Second, if a district court determines that the Government properly moved for a writ of garnishment, it "shall issue" the writ. *Id.* § 3205(c)(1). Third, once the writ of garnishment issues, the Government must serve a copy of the writ to the garnishee and judgment debtor and certify to the district court that service was effected. *Id.* § 3205(c)(3). Fourth, after service, the garnishee must file a "written answer to the writ of garnishment" describing various characteristics of the identified property. *Id.* § 3205(c)(4). Fifth, "[w]ithin 20 days after receipt of the answer, the judgment debtor or the United States may file a

3

written objection to the answer and request a hearing." *Id.* § 3205(c)(5). Sixth and finally, after the answer and objection period and if there is no hearing, "the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property"; if a hearing occurs, then the court must enter an order "within 5 days after the hearing, or as soon thereafter as is practicable." *Id.* § 3205(c)(7).

A writ of garnishment becomes appealable when a district court issues a final disposition order under § 3205(c)(7) because the disposition order resolves any objections on the merits and disposes of the property at issue.[4] In other words, the disposition order, not the initial writ of garnishment, "fully resolve[s] all claims presented to the district court" and leaves "nothing further for the district court to do." *Aluminum Co. of Am.*, 124 F.3d at 557 (citations omitted); *accord United States v. Swenson*, 971 F.3d 977, 982 (9th Cir. 2020) ("A disposition order . . . concludes litigation of the writ on the merits and is thus a final judgment for purposes of appeal." (citing 28 U.S.C. § 3205 (c)(7)); *United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012) (per curiam) (same). Thus, we will dismiss this appeal for lack of appellate jurisdiction.

---

[4] We do not imply or suggest that a party seeking to terminate a final disposition order under § 3205(c)(10)—a procedural posture not before us—cannot appeal once a district court decides such a motion.